576                          287 Nebraska Reports

consequences. Under § 43-247.02(2), on and after July 1, 2013, a juvenile court can commit a juvenile to OJS for placement at a YRTC only as part of an order of ISP. But because Marcella had already been committed to OJS for placement at a level less restrictive than a YRTC and only later transferred to a YRTC after July 1, subsection (2) does not apply. We conclude that § 43-247.02(3) controls and that the juvenile court acted within its authority when it transferred Marcella to the YRTC without making the placement as part of an order of ISP.

Affirmed.

---

In re Interest of Quincy J., a child
under 18 years of age.
State of Nebraska, Department of Health and Human
Services, appellant, v. Quincy J., appellee.
___ N.W.2d ___

Filed February 28, 2014.    No. S-13-664.

Appeal from the Separate Juvenile Court of Lancaster County: Reggie L. Ryder, Judge. Affirmed.

Jon Bruning, Attorney General, and C.J. Roberts, Special Assistant Attorney General, for appellant.

Toni Leija-Wilson for appellee.

S.A. Mora James, guardian ad litem.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.
This case raises the same issue as that presented in *In re Interest of Marcella G.*,[1] decided today. The juvenile court committed Quincy J. to the custody of the Office of Juvenile Services for treatment at a level less restrictive than a youth

---

[1] *In re Interest of Marcella G., ante* p. 566, ___ N.W.2d ___ (2014).

rehabilitation and treatment center prior to July 1, 2013, and, after July 1, sustained a motion to transfer him to a youth rehabilitation and treatment center. For the same reasons set forth in *In re Interest of Marcella G.*, we affirm the decision of the juvenile court.

Affirmed.